UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVIAN E. AMILL,

                Plaintiff,

-against-

CITY OF NEW YORK; POLICE OFFICER KEVIN REYES (Shield No. 20872); POLICE OFFICER RAFAEL SANCHEZ (Shield No. 14663); and JOHN DOE 1 (the name John Doe being fictitious, as the true name is presently unknown),

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/2016

12 Civ. 5677 (AT)(FM)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff filed this action on July 20, 2012, alleging that Defendants violated her constitutional rights when they entered her apartment, searched her bedroom, and took her to a hospital where she underwent a psychiatric evaluation against her will. ECF No. 2. While settlement discussions were pending, Plaintiff filed an application for *pro bono* counsel, which the Court denied. ECF Nos. 24, 25. Settlement discussions were unfruitful. The case was reassigned to this Court on May 23, 2013. ECF No. 29. Plaintiff participated in discovery and filed letters in accordance with Court orders. *See, e.g.*, ECF Nos. 34, 45, 59.

      The parties engaged in discovery on Plaintiff's claims, which was extended several times. *See, e.g.*, ECF No. 62. On April 30, 2014, Defendants moved for summary judgment on all of Plaintiff's claims. ECF No. 87. Plaintiff submitted letters and evidence in opposition to Defendants' motion. *See* ECF Nos. 96, 97, 100, 106. On March 26, 2016, the Court directed Defendants to submit supplemental declarations and briefs to address unsupported assertions in the factual record, and denied Defendants' motion without prejudice. ECF No. 119. As directed, Plaintiff filed opposition to Defendants' additional submissions. *See* ECF Nos. 128, 129, 130, 131.

      While decision on Defendants' renewed motion was pending, Plaintiff grew increasingly recalcitrant. Plaintiff failed to appear at Court-ordered conferences on October 21, 2015, ECF No. 159, December 3, 2015, ECF No. 177, and January 5, 2016, ECF No. 186. She was warned that failure to comply with the Court's orders may result in dismissal of her case. *See* ECF Nos. 177, 186.

      At a hearing held on January 5, 2016, the Court issued its decision granting in part and denying in part Defendants' motion. ECF No. 202. The Court granted Plaintiff's application for *pro bono* counsel, although the Court was unsuccessful in finding counsel to represent Plaintiff. ECF No. 187. On June 10, 2016, the Court issued a pretrial scheduling order, directing Plaintiff to file, by July 8, 2016, a sworn statement including "the facts Plaintiff hopes to prove at trial," a "list of documents or other physical objects that Plaintiff plans to put into evidence at trial," and a list "of the names and addresses of all witnesses Plaintiff intends to have testify at trial." ECF

No. 276. Again, Plaintiff was warned that failure to comply may result in dismissal of her claims. Plaintiff failed to submit her statement, and failed to participate in a settlement conference ordered by Judge Maas, despite Judge Maas' thorough rejection of Plaintiff's repeated objections. *See* ECF Nos. 297, 304. On August 15, 2016, Defendants submitted pretrial materials in compliance with the Court's order. *See* ECF Nos. 332, 333, 334. On September 1, 2016, Defendants submitted their pretrial statement. ECF No. 351.

In an order dated August 23, 2016, the Court gave Plaintiff a final opportunity to comply and to submit a pre-trial statement. ECF No. 342. The order required that Plaintiff submit her pre-trial statement by September 16, 2016, and again warned that failure to submit a statement by that deadline would result in a dismissal under Federal Rule of Civil Procedure 41(b). *Id.* at 2. On September 9, 2016, after the Court was notified that the Plaintiff returned unopened the envelope containing the Court's August 23 order, the Court directed the Clerk of Court to both mail and e-mail the August 23 order to Plaintiff, and again included a warning that failure to submit a pretrial statement by September 16, 2016, would result in dismissal. ECF No. 358.

Although Plaintiff has not submitted a pretrial statement, Plaintiff writes letters to the Court on a near-daily basis. In these letters, Plaintiff objects, *inter alia*, to this Court's jurisdiction and refuses to acknowledge this Court's authority. Instead, she requests wholesale relief from the Honorable William H. Pauley III, the district court judge previously assigned to this case, from any action taken by this Court, pursuant to Federal Rule of Civil Procedure 60. *See, e.g.*, ECF Nos. 360, 361, 362, 363, 364, 365.

Plaintiff is aware of the Court's order requiring her to submit a pretrial statement but refuses to comply. *See, e.g.*, ECF No. 363 at 1-2 ("Plaintiff strongly OBJECTS to Order signed it by Judge Torres on 9/9/16, 8/23/16[.] Rule 60[.] . . . Plaintiff strongly urges the Court to protective Order (Rule 26(c)) with Hon. William H. Pauley from Hon. Judge Torres to dismiss plaintiff case in the Order signed it by Judge Torres on 9/9/16, 8/23/16 to plaintiff submit illegal pre-trial statement on 9/16/16 against my will. . . . Judge Torres, Pro Se Office must NOT impose to plaintiff to submit illegal and Unconstitutional pre-trial statement by 9/16/16 against my will.").

Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In evaluating whether dismissal is appropriate, courts are to consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Dismissal is the "harshest of sanctions," and a court must provide adequate notice prior to dismissal and an explanation of its reasoning

2

upon dismissal. *Id.* at 216-17 (citation and quotation marks omitted).

In this case, the Court finds that the majority of the factors weigh in favor of dismissal. First, for nearly three months, Plaintiff has failed to comply with the Court's order directing her to file a pretrial statement. *See Holcombe v. Skupien*, 14 Civ. 1448, 2014 WL 6879077, at *2 (S.D.N.Y. Dec. 5, 2014) ("[C]ourts have deemed delays of three months and less sufficient to warrant dismissal." (citations omitted)). Second, on five separate occasions, the Court has informed Plaintiff in writing that her failure to comply with this Court's orders may result in a dismissal under Rule 41(b). The third factor, prejudice to Defendants, weighs in favor of dismissal due to the facts that this case has been pending for four years and Defendants have already spent significant time and energy defending this case. Fourth, on balance, the Court's interest in managing its docket outweighs Plaintiff's opportunity to be heard because the Court continues to expend resources contacting Plaintiff while Plaintiff fails to prosecute her case. *See St. Prix v. Sirus XM Satellite Radio*, 11 Civ. 1506, 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) ("'[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' may warrant a dismissal under Rule 41(b)." (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980))). Finally, the Court has considered other sanctions but finds that dismissal is the most appropriate. Without a pretrial statement, which Plaintiff refuses to provide, this action cannot proceed and will remain at a standstill.

Accordingly, Plaintiff's complaint is DISMISSED. The Clerk of Court is directed to close the case and to mail a copy of this order and all unpublished decisions cited therein to Plaintiff *pro se*.

SO ORDERED.

Dated: October 4, 2016
       New York, New York

_____
ANALISA TORRES
United States District Judge